United States District Court
District of Connecticut
FILED AT NEW HAVEN

August 1, 20 23

By S. Santos
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENAS

Case No. 3:23MJ 671 (MEG)

August 1, 2023

APPLICATION FOR ORDER COMMANDING PROVIDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENAS

The United States requests that the Court order **(1) Apple, Inc.; (2) Meta Platforms, Inc.; and (3) WhatsApp, LLC** (hereinafter "the Providers") not to notify any person (including the subscribers or customers of the account(s) listed in each subpoena) of the existence of grand jury subpoena **(1) N-23-1-115 (1), (2) N-23-1-115 (5), and N-23-1-115 (6)** (hereinafter "the Subpoenas"), respectively, until August 1, 2024.

Each of the Providers is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoenas, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoenas require each of the Providers to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such orders would be appropriate because each Subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.

Accordingly, there is reason to believe that notification of the existence of any of the Subpoenas will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardizing an investigation or unduly delaying a trial. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of any of the Subpoenas, the subjects under investigation could destroy that evidence, including information on their devices, computers, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Orders directing each named Provider not to disclose the existence or content of the Subpoena it has been served until August 1, 2024, except that each Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


_____/s/_____
DAVID T. HUANG
ASSISTANT U.S. ATTORNEY
Federal Bar No. Ct30434
157 Church Street, 25th Floor
New Haven, CT 06510